**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WATSON-HARPKO LLC, a Florida<br>limited liability company | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CV-00132-JHP-PJC |
| | ) | |
| PACER ENERGY MARKETING, LLC, | ) | |
| an Oklahoma limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Rule 41(a)(2) Request for Court Order Dismissing Action Without Prejudice [Doc. No. 22]. Defendant has filed a Response in Opposition [Doc. No. 24], and Plaintiff has filed a Reply [Doc. No. 31]. After consideration of the briefs, and for the reasons stated below, Defendant's Request is **DENIED**.

## BACKGROUND

Plaintiff Watson-Harpko LLC ("Plaintiff") initiated this action in this Court on March 17, 2015. [Doc. No. 1]. In the Complaint, Plaintiff alleges Defendant Pacer Energy Marketing, LLC ("Defendant") "failed, refused, and neglected to pay interest on suspended proceeds from the sale of production from an oil lease in Creek County, Oklahoma, in an amount exceeding $75,000." [*Id.* at ¶ 3]. Plaintiff further alleges in the Complaint that this Court has jurisdiction under 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000. [*Id.* at ¶ 4].

At the time the Complaint was filed, Plaintiff believed the interest Defendant owed was $90,290.09. [Doc. No. 22, at ¶ 4]. Plaintiff had used a formula from another energy company to

calculate the interest due, and prior to filing suit, Plaintiff had attempted without avail to obtain a response from Defendant regarding the interest calculation. [*Id.* at ¶¶ 4-8]. Following discovery and further investigation, however, both parties now agree the amount in controversy is far less than the amount required for this Court's jurisdiction under 28 U.S.C. § 1332. [*Id.* at ¶ 14; Doc. No. 19 (Defendant's Motion for Summary Judgment)].

Because the amount-in-controversy requirement is not satisfied, Plaintiff now requests that this Court issue an order under Fed. R. Civ. P. 41(a)(2) dismissing this case without prejudice to refiling in a court of competent jurisdiction. Under Rule 41(a)(2), the court may order dismissal of an action at the plaintiff's request, when dismissal is no longer available as a matter of right and cannot be secured by stipulation of the parties. Here, voluntary dismissal is no longer available absent consent or court order, because the opposing party has already served both its answer and a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1). Defendant opposes Plaintiff's request on the ground that Defendant has expended significant effort and expense in litigating this case and submitting a motion for summary judgment which, along with Plaintiff's cross-motion for summary judgment, is already fully briefed. Defendant argues Plaintiff seeks to "start over" in state court after being confronted with Defendant's arguments on summary judgment.

## DISCUSSION

"Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (citation omitted). In exercising that discretion, the court must consider the primary purpose of Rule 41(a)(2), which is "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (citation and quotation marks omitted). The "important aspect" when

considering a motion to dismiss without prejudice "is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Id.* (citations and quotation marks omitted). Factors to be considered in making this evaluation include (1) the opposing party's effort and expense of preparation for trial, (2) the present stage of litigation, (3) excessive delay and lack of diligence on the part of the movant in prosecuting the action, and (4) insufficient explanation for the need to take a dismissal. *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1048 (10th Cir. 2002) (citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

Regarding the first factor, the opposing party's effort and expense in preparing for trial, the record shows Defendant has engaged extensively in this action. Defendant filed an Answer on May 6, 2015, appeared for a scheduling conference on June 25, 2015, participated in a deposition of Defendant's corporate representative in July 2015, filed a Motion for Summary Judgment on August 10, 2015, filed a Reply brief on September 14, 2015, and filed a Response to Plaintiff's Motion for Summary Judgment on August 28, 2015. Regarding the second factor, the present stage of litigation, dispositive motions are fully briefed, discovery is set to close within two weeks, and trial is scheduled before year's end. Given the advanced progression of this case and the parties' extensive briefing on dispositive issues, dismissal without prejudice would be highly prejudicial to Defendant. Accordingly, both of these factors weigh against dismissal.

Regarding the third factor, excessive delay and lack of diligence by the movant, it appears Plaintiff did act diligently in filing this request. Plaintiff asserts it first learned of a different formula for calculating the interest potentially owed on July 30, 2015, during Defendant's Rule 30(b)(6) deposition. [Doc. No. 22, at ¶¶ 10-11]. Plaintiff filed this motion

approximately one month later. Defendant does not present evidence that Plaintiff knew of the different interest calculation at an earlier date. Accordingly, there is no showing of improper delay or lack of diligence on the part of Plaintiff.

Regarding the fourth factor, insufficient explanation of the need for a dismissal, the Court finds Plaintiff's explanation is indeed deficient. In the Request, Plaintiff explains dismissal is warranted because the amount in controversy is less than the amount required for this Court to have jurisdiction under 28 U.S.C. § 1332. Plaintiff apparently believes dismissal on this basis is a near-certainty, because it has already filed a Petition seeking recovery of the same interest from Defendant in the District Court of Creek County, State of Oklahoma. [Doc. No. 24-1].

However, Plaintiff is incorrect that this Court lacks jurisdiction simply because the amount in controversy is stipulated to be below the statutory minimum. Rather, the amount in controversy is determined at the time the complaint was filed. *Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994) (citing cases). If, at the time the complaint was filed, the plaintiff possessed a good faith belief that it was entitled to the minimum jurisdictional amount, then dismissal for lack of subject matter jurisdiction is not required, even if subsequent events change the amount in controversy. *Id.* at 387-88. To justify dismissal, it must appear "to a legal certainty" that the claim is really for less than the jurisdictional amount at the time the action is brought. *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000).

Prior to commencement of this action, Plaintiff informed Defendant that it believed $90,290.09 was owed in interest. [Doc. No. 22, at ¶ 4]. There is no evidence Plaintiff's calculations were made in bad faith or that Plaintiff knew "to a legal certainty" that the jurisdictional amount was not satisfied when it filed the Complaint in this case. Consequently,

the later recalculation of the possible interest due does not deprive the Court of subject matter jurisdiction.

Considering the above factors together, the Court concludes dismissal without prejudice would be unfairly prejudicial to Defendant. Accordingly, the Court exercises its discretion in denying Plaintiff's request for an order of dismissal without prejudice under Rule 41(a)(2).

## CONCLUSION

For the reasons detailed above, Plaintiff's Rule 41(a)(2) Request for Court Order Dismissing Action Without Prejudice [Doc. No. 22] is **DENIED.**

James H. Payne
United States District Judge
Northern District of Oklahoma